IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO. EP-23-CV-353-KC |
| ARAS INVESTMENT BUSINESS GROUP S.A.P.I. DE C.V. et al., | § § § § | |
| Defendants. | § | |

**ORDER**

On this day, the Court considered the Security and Exchange Commission's ("SEC") Supplemental Brief in Support of its Motion for Entry of Default, and, Alternatively, Motion for Leave to Serve Process by Publication ("Supplemental Brief"), ECF No. 28. Plaintiff had previously moved for Clerk's entry of default against Aras Investment Group and Armando Gutierrez Rosas pursuant to Article 15 of the Hague Convention. *See generally* Mot. Clerk's Entry Default ("Motion"), ECF No. 25. On January 28, 2025, the Court took this Motion under advisement and directed the SEC to file a brief addressing whether Aras and Gutierrez had actual notice of Plaintiff's Complaint. Jan. 28, 2025, Order 4, ECF No 27. While it appeared that the requirements of Article 15 were likely met, the Court had concerns about the due process implications of entering judgment against Defendants if they have no notice of the suit against them. *Id.* at 3.

The SEC requests that the Court grant its Motion because, it argues, Aras and Gutierrez likely have actual notice of this case due to the media publicity it has attracted in both Mexico and Texas. Supp. Br. 2, 4. Alternatively, should the Court find that Aras and Gutierrez do not

have notice of the suit, the SEC requests that it be permitted to proceed with service by publication in newspapers in El Paso and Mexico. *See generally id.*

The Hague Convention provides a framework for service of process on parties residing in countries that are parties to the Convention. *See* Fed. R. Civ. P. 4(f)(1); *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). Ordinarily, a plaintiff wishing to serve an overseas defendant in a country that is party to the Convention sends the documents to the country's central authority, which then serves the defendant and issues a certificate of service. *Schlunk*, 486 U.S. at 698–99. Pursuant to Article 15 of the Hague Convention, a court may enter default judgment against a party without a certificate of service from a central authority if (1) the document was transmitted by a method provided for in the Hague convention; (2) at least six months have passed since the document was transmitted; and (3) no certificate of any kind has been received even though reasonable efforts have been made to obtain it. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 15, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163; *Lindsayca USA, Inc. v. Petroleos de Venezuela, S.A.*, No. 21-cv-37, 2022 WL 3588041, at *3 (S.D. Tex. Aug. 22, 2022), *adopted*, 2022 WL 4588588 (Sept. 29, 2022). But there are potential due process concerns in entering default judgment in instances where it is not clear that a defendant has notice of a case against them. *See, e.g.*, *Lonati, S.p.A. v. Soxnet, Inc.*, No. 20-cv-5539, 2021 WL 9839476, at *3 (C.D. Cal. Sept. 20, 2021); *see also Kiss Nail Prods., Inc. v. Shenzhen Jinri Elec. Appliance Co.*, No. 18-cv-5625, 2020 WL 4679631, at *5 (E.D.N.Y. July 23, 2020), *adopted*, 2020 WL 4676415 (Aug. 12, 2020). For this reason, courts have often only entered default judgment pursuant to Article 15 in instances where the defendant had notice of the case against them. *See, e.g.*, *Artnet Worldwide Corp. v. Gruber*, No. 21-cv-10459, 2023 WL 6390167, at *2 (S.D.N.Y. Oct. 2,

2023); *China Int'l Marine Containers (Grp.) Ltd. v. Jiangxi Oxygen Plant Co.*, No. 15-cv-1887, 2017 WL 6403886, at *1 (S.D. Tex. Feb. 15, 2017).

    Here, as the Court noted in its prior Order, it appears that the three requirements of Article 15 have been met. Jan. 28, 2025, Order 2. And the SEC now provides evidence that it is highly likely that Aras and Gutierrez have notice of the SEC's suit against them. First, the SEC has included evidence that establishes that Gutierrez is currently a fugitive and actively evading legal proceedings against him. *See* Supp. Br. Exs. 14–15, ECF Nos. 28-15–28-16. The Court agrees that it is a commonsense inference that a party in hiding from legal proceedings is presumably aware of those same proceedings. *See BP Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 272–73 (E.D. Va. 2006). Second, the SEC's evidence establishes that this lawsuit was widely publicized in media outlets in both the United States and Mexico, following the SEC's issuance of a press release. *See generally* Decl. Stephen Kaiser, ECF No. 28-1; Supp. Br. Exs. 1–11, ECF Nos. 28.2–28.12. This makes it even more reasonable to infer that Aras and Gutierrez were aware of the SEC's suit against them. *Cf. S.E.C. v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987). Perhaps most critically, one of the articles submitted by the SEC references comments by a "lawyer for [Aras]" in relation to the suit, which further reinforces that Aras—and therefore its CEO Gutierrez—had knowledge of the suit against it. *See* Supp. Br. 2–3; *China Int'l Marine*, 2017 WL 6403886, at *1 (default entered pursuant to Hague Convention Article 15 when representative of party indicated it had full knowledge of suit against it but was choosing to ignore it). Finally, the SEC has also sent copies of its Motion as well as the Summons and Complaint in this case to both Aras's and Gutierrez's last-known mailing addresses in Mexico by USPS registered mail. Supp. Br. 3; Kaiser Decl.¶ 8. Courts have held that sending similar documents by courier to an overseas defendant for notification purposes satisfies the

3

requirements of due process in this context—even without affirmative proof that the defendant did, in fact, receive the documents. *See, e.g.*, *Kiss Nail Prods.*, 2020 WL 4679631, at *5. The Court therefore finds that Aras and Gutierrez have notice of the suit against them and the Court is able to enter judgment against them pursuant to Article 15 of the Hague Convention.[1]

Accordingly, the Court **ORDERS** that Plaintiff's Motion for Clerk's Entry of Default, ECF No. 25, is **GRANTED**. The Clerk shall enter default against Defendants Armando Gutierrez Rosas and Aras Investment Business Group S.A.P.I. de C.V.

**IT IS FURTHER ORDERED** that Plaintiff **SHALL** file a motion for default judgment as to liability against Aras and Gutierrez **by no later than April 21, 2025**. Following adjudication of the liability motion, the Court will set a briefing schedule for remedies as to all Defendants.

**SO ORDERED**.

SIGNED this 19th day of February, 2025.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[1] The SEC's alternative request for authorization of service by publication is thus moot.