**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CAUSE NO. EP-23-CV-353-KC** |
| **ARAS INVESTMENT BUSINESS GROUP S.A.P.I. DE C.V. et al.,** | § § § | |
| **Defendants.** | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

On this day, the Court considered United States Magistrate Judge Anne T. Berton's

Report and Recommendation ("R&R"), ECF No. 41.  On January 9, 2026, Plaintiff filed a

Motion for Remedies and Entry of Final Judgment ("Motion"), ECF No. 39.  On April 6, the

Motion was referred to Judge Berton.  Apr. 6, 2026, Text Order.

Judge Berton filed the R&R on June 18, 2026, recommending that the Court grant

Plaintiff's Motion.  Parties have fourteen days from a service of a Report and Recommendation

of a United States Magistrate Judge to file written objections.  *See* 28 U.S.C. § 636(b)(1)(C).[1]

Over fourteen days have elapsed since the R&R, and no objections have been filed.

When parties do not file written objections, courts apply a "clearly erroneous, abuse of

discretion and contrary to law" standard of review to a report and recommendation.  *United*

*States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  After reviewing the R&R, the Court

agrees with the Magistrate Judge's proposed findings of fact and conclusions of law and finds

---

[1] Federal district courts conduct de novo review of those portions of a report and recommendation to which a party has objected.  *See* 28 U.S.C. § 636(b)(1)(C) ("A judge . . . shall make a de novo determination of those portions of the report . . . to which objection is made . . . .").

that they are neither clearly erroneous nor contrary to law.  *See id.*

Accordingly, the Court **ADOPTS** the R&R, ECF No. 41, in its entirety, and **GRANTS** Plaintiff's Motion, ECF No. 39.

**IT IS FURTHER ORDERED** that Plaintiff shall **FILE** an updated proposed final judgment that conforms to the existing Proposed Final Judgment, ECF No. 39-20, except that Plaintiff shall update the monetary figures as necessary to reflect prejudgment interest accrued through the date of final judgment, which shall be **July 15, 2026**.  To allow the Court to enter final judgment on that date, **Plaintiff must file the updated proposed final judgment by no later than July 14, 2026**.

**SO ORDERED.**

**SIGNED this 8th day of July, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2